IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **EDGAR GARZA LIMONES,** <br> aka Jose Eduardo Garza Lira, <br><br> Movant, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | § § § § § § § § § § § | <br><br><br><br><br> Civil Action No. 4:23-cv-078-O <br> (Criminal No. 4:20-cr-352-O(1)) |

**OPINION and ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY**

Before the Court are Defendant Edgar Garza-Limones ("Garza-Limones")'s motion to vacate under 28 U.S.C. § 2255 (ECF No. 1), along with the government's response (ECF No. 5). Garza-Limones did not file a reply. After considering the § 2255 motion, the response, and applicable law, the Court **DENIES** Garza-Limones § 2255 motion.

**I.    BACKGROUND**

**A.    Overview**

After being found in the United States following his prior deportation, Garza-Limones pleaded guilty to an indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Factual Resume (FR) 1-2, CR ECF No. 19; Rearraignment Transcript (Tr) 27-28, 30-36, CR ECF No. 43.¹ This Court sentenced him to an upward-variance sentence of 72 months' imprisonment. Sentencing Transcript (Tr) 7, CR ECF No. 42. The Fifth Circuit affirmed. *United States v. Garza-Limones*, No. 21-10492, 2021 WL 6102211, *1 (5th Cir.

---

¹ "CR ECF No. __" will hereafter refer to the docket numbers of documents filed in the underlying criminal proceeding, *United States v. Garza-Limones*, 4:20-cr-352-O (1) (N.D. Tex.). "CV No. __" refers to docket numbers of documents filed in this civil proceeding assigned to Garza-Limones § 2255 motion.

1

Dec. 22, 2021). His conviction became final on April 22, 2021, when the Supreme Court denied his petition for certiorari. *Garza-Limones v. United States*, 142 S. Ct. 2662 (2022). Garza-Limones timely filed his § 2255 motion on January 24, 2023. Mot. Vacate 1, ECF No. 1; *see* 28 U.S.C § 2255(f)(1).

      **B.**      **Underling Facts/ Plea/Sentencing**

Garza-Limones was ordered removed from the United States in August 1997. Presentence Report (PSR) at ¶ 9, CR ECF No. 26-1. After that removal, he reentered the United States, where he was convicted of several offenses on different occasions. PSR at ¶¶ 37-41. Relevant here, in 2017, he pleaded guilty in Tarrant County, Texas, to possessing more than four grams, but less than 200 grams, of cocaine and was sentenced to two years' imprisonment. *Id.* at ¶ 40. After being deported, he again reentered the United States, and the very next year was convicted in Tarrant County of possessing at least one gram, but less than four grams, of cocaine and sentenced to three years' imprisonment. *Id*. at ¶ 41.

While serving that prison term, Garza-Limones came to the attention of immigration authorities. PSR at ¶ 17, CR ECF No. 26-1. As a result, he was charged by criminal complaint with illegal reentry after deportation in violation of 8 U.S.C. § § 1326(a) and (b)(1). Criminal Complaint 1-3, CR ECF No. 1. As noted above, he then pleaded guilty to illegally reentering the United States. FR 1-2, CR ECF No. 19. The PSR assigned a base offense level of 8 under U.S.S.G. § 2L1.2(a) of the guidelines. PSR at ¶ 23, CR ECF No. 26-1. It also recommended an 8-level increase under U.S.S.G. §2L1.2(b)(3)(B) based on the two state felonies because Garza-Limones committed those crimes after he had been ordered removed from the United States. *Id.* at ¶ 24. The PSR also provided for a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), and with a criminal history category of V, calculated a guideline

2

range of 30 to 37 months. *Id.* at ¶ 72. The PSR also recounted, however, while in state custody on his most recent drug offense, Garza-Limones committed several minor rule violations and two major ones—being involved in an assault on another inmate and possessing a shank. *Id*. at ¶ 41. The PSR further noted that an upward departure or variance might be warranted based on the under representation of Garza-Limones's immigration and criminal history. *Id.* at ¶ 87.

With the assistance of counsel, Garza-Limones made clarifications and an objection to the PSR, but he did not object to the 8-level enhancement, the additional information about his conduct while in state custody, or the information that might warrant an upward variance. Objections 1-4, CR ECF 28-1. At sentencing, Garza-Limones apologized for illegally reentering the United States but did not otherwise dispute any of the facts in the PSR. Sentencing Transcript (Tr) 6-7, CR ECF No. 42. The Court found that the applicable advisory-guideline range was 30-37 months' imprisonment. *Id*. at 3.

After argument and allocution, the Court upwardly varied and imposed a 72- month sentence. *Id.* at 7. In doing so, the Court explained it based its decision on Garza-Limones' "significant immigration history" and the fact that "while here illegally [he] has committed a number of crimes." *Id.* The Court also explained that it agreed with the information contained in PSR paragraph 87 about the reasons for an upward variance, and the Court also expressed concern that "while incarcerated he has received two infractions, one for possessing a shank and one for being involved in a fight." *Id*.

## II.   GROUNDS FOR RELIEF

Garza-Limones asserts two grounds of ineffective assistance of counsel. He alleges that he received ineffective assistance of counsel at sentencing when counsel: (1) failed to object to the 8-level enhancement based on his prior felonies, and (2) did not object to the Court's reliance

3

on the information in paragraphs 41 and 87 of the presentence report to support an upward variance. Mot. Vacate 3, ECF No. 1.

### III. APPLICABLE LAW

#### A. Standard of Review

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence on four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" 28 U.S.C. § 2255(a) (West 2019); *see United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). It may also "not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

#### B. Law Applicable to Review of Ineffective-Assistance Claims under § 2255.

Ineffective-assistance-of-counsel ("IAC") claims can be raised under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish IAC, "[F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To show deficient conduct under *Strickland*, the burden is on the defendant to show that his counsel's representation fell below an objective standard of reasonableness, by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* There is a strong presumption that the performance of counsel falls within this range. *United States v. Samuels*, 59 F.3d 526, 529 (5th Cir. 1995). Defendant cannot overcome this presumption with after-the-fact accusations that lack supporting evidence. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (noting that although pro se § 2255 motions are construed liberally, even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). If counsel provides objectively unreasonable representation during the plea process, the defendant must prove prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

To prove prejudice generally, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Failure to meet either the deficient-performance or prejudice prongs will defeat a claim of

ineffective-assistance. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both components if there is an insufficient showing on one. *Id.*

## IV.   ANALYSIS

### A.   Failure to Challenge Enhancement for Prior felonies

First, Garza-Limones alleges that his counsel should have challenged the 8-level enhancement applied under U.S.S.G. §2L1.2 by arguing that his two qualifying state drug offenses could not be prosecuted federally. Mot Vacate 11, ECF No. 1. But whether his drug offenses could be prosecuted federally is immaterial. Under U.S.S.G. § 2L1.2(b)(3)(B), an 8-level enhancement applies "if, after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in . . . a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more[.]" The commentary defines "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. §2L1.2, comment. n. 2. Garza-Limones does not dispute that he was convicted of two state offenses punishable by a term exceeding one year, so his offenses—regardless of the state label—meet the definition of "felony" in the applicable guideline, and the 8-level enhancement guideline was properly applied.

Because the guideline was properly applied, any objection would have been meritless and cannot form the basis for an ineffective-assistance-of-counsel claim. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that the failure to make a meritless argument is not ineffective lawyering). For the same reason, Garza-Limones cannot demonstrate prejudice. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (holding that prejudice cannot result from the failure to urge a meritless argument). Moreover, Garza-Limones cannot demonstrate

6

prejudice for another, separate reason. Because the Court determined that an upward variance was warranted, Garza-Limones cannot demonstrate any likelihood that the outcome of the proceedings would have been different—i.e., that he would have received a lower sentence—had the objection been raised and sustained. For all of these reasons, the first ground for relief must be denied.

        **B.**        **Failure to Challenge Reliance on Information in PSR**

Garza-Limones next argues that his counsel was ineffective for failing to challenge the Court's reliance on the information in PSR paragraphs 41 and 87 to upwardly vary at sentencing. Mot Vacate 11, ECF No. 1. For the reasons explained, this ground fails.

In paragraph 41, the PSR detailed Garza-Limones's most recent state offense, and as part of that report, explained that, while Garza-Limone was serving his state sentence, he was disciplined for participating in an assault on another inmate and for possessing a shank. PSR at ¶ 41. In paragraph 87, the PSR noted that there may be reasons for an upward variance, including the under representation of Garza-Limones's criminal history and likelihood of re-offending. *Id*. at ¶ 87. It is well-settled that, at sentencing, the Court "may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). "Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *Id*. (citation omitted). The court "may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).

Here, Garza-Limones implicitly concedes that the information in the PSR was accurate. Regarding the shank, Garza-Limones argues that when a weapon is found in an area accessible to both cellmates, they both get charged with the prison infraction, however, he does not deny that he possessed the shank. Mot. Vacate 12, ECF No. 1. And even if Garza-Limones had denied it, he fails to provide any supporting evidence. *Id.* Likewise, he alleges that he was only involved in the fistfight in self-defense. *Id.* at 12-13. Again, Garrza-Limones does not show that he was not actually involved in a fistfight as alleged in the PSR, and he provides no evidence to support his version of events. *Id*. Moreover, he does not address the accuracy of the information referenced in paragraph 87.  Accordingly, Garza-Limones fails to show that any information in the PSR was materially inaccurate and unreliable, so he cannot demonstrate that his counsel performed deficiently by failing to object.

Furthermore, the two incidents discussed in paragraph 41were just part of why the Court imposed an upward variance sentence. Before mentioning the prison infractions, the Court also specifically discussed Garza-Limones's lengthy immigration history, which includes coming to the United States illegally ten times, and the crimes he committed while here. Sentencing Tr. 7, ECF No. 42. Thus, Garza-Limones cannot demonstrate that, even if his counsel presented Garza-Limones's "mitigating" arguments about the prison infractions, that would have overcome the Court's expressed need to account for: his (1) serious immigration history; (2) two convictions that received no criminal-history points; and (3) propensity for recidivism. Without demonstrating the likelihood of different sentencing outcome, Garza-Limones fails to demonstrate prejudice. *See Cullen v. Pinholster*, 563 U.S. at 18970, 189 (a movant must show a substantial, not just conceivable, likelihood of a different result). As such, Garza-Limones's second ground for relief must be denied.

8

In sum, Garza-Limones's motion for relief under § 2255 must be denied.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22 (b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that Edgar Garza-Limones has not made a showing that reasonable jurists would question this Court's rulings and, accordingly, **DENIES** a certificate of appealability for the reasons stated in this order.

## VI. CONCLUSION and ORDER

It is therefore **ORDERED** that Edgar Garza-Limones's motion to vacate under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED.** It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this **10th day** of **August, 2023**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE